UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF VENDEE
MORTGAGE TRUST 2010-1,

    Plaintiff,

v.                                                      Case No. 3:18-cv-1315-J-34MCR

WILLIAM H. BRANTLEY, SR., SHIRLEY
BRANTLEY, WILLIAM H. BRANTLEY,
JR., BRENDA G. BRANTLEY DAVIS,
UNKNOWN SPOUSE OF WILLIAM
BRANTLEY, JR., UNKNOWN SPOUSE
OF BRENDA G. BRANTLEY DAVIS,
WHISPER CREEK OF CLAY COUNTY
HOMEOWNERS ASSOCIATION,
UNKNOWN TENANT 1, and UNKNOWN
TENANT 2,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On November 6, 2018, Defendants Brenda G. Brantley Davis Wilson and Rodney Davis filed a Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Clay County, Florida. See Notice at 1. In the Notice, Defendants assert that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) as "complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." Id.

After a review of the Notice, the Court questions whether this case was properly

removed from state court. Pursuant to 28 U.S.C. § 1441, a civil action brought in state court may be removed to a federal district court only where the district court would have original jurisdiction over an action. See 28 U.S.C. § 1441(a). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In order for a federal court to have diversity jurisdiction over an action pursuant to § 1332(a), the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. See 28 U.S.C. § 1332(a). Moreover, §1332(a) has been interpreted to require complete diversity among the parties in that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

In addition, 28 U.S.C. § 1441(b), which governs the removal of a state action to federal court by a defendant, provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). In accordance with this statute, a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought." Caterpillar v. Lewis, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "diversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was

originally filed."). Thus, remand may be warranted when a case is removed on diversity of citizenship grounds and there is a properly joined defendant who is a citizen of the state in which the action was filed. See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)).

In this case, the Defendants allege in the Notice that Plaintiff "Deutsche Bank is a Delaware limited liability company with its principle place of business in the State of New York." See Notice at 1. For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, however, the Defendants allege Deutsche Bank is an LLC, but allege jurisdiction as if it is a corporation.

At the outset, it is not clear whether Deutsche Bank is an LLC or a corporation. If despite its name, it is a corporation, then based on the information provided in the notice, the Court could determine that Deutsche Bank is a citizen of Delaware and New York. However, if Deutsche Bank is, as it appears to be, an LLC, Defendants are obliged to

establish the citizenship of each of Deutsche Bank's members.[1]  The Defendants have failed to do so.  Therefore, as to the citizenship of Deutsche Bank, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

Moreover, Defendants assert that Rodney Davis "is currently a resident of Jacksonville, Florida and plaintiff Brenda Gail Davis Wilson is a [r]esident of Chesterfield[,] VA."  Notice at 1.  However, "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity of a natural person."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Moreover, "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.  A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (internal citations and quotations omitted).  Here, Defendants have alleged the residence, rather than the citizenship or domicile, of both Brenda Gail Davis Wilson and Rodney Davis.[2]  As such, the current allegations in the Notice do not satisfy the requirements for proving citizenship for diversity jurisdiction purposes.

Finally, the Court notes that if in fact, Defendant Rodney Davis is a citizen of Florida, removal would be prohibited by § 1441(b).  Section 1441(b) provides that removal is barred where any defendant is a citizen of the state in which the action is brought.  See

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, or other entity.

[2] The Court further notes that the Defendants' statement that Rodney Davis "is currently a resident of Jacksonville, Florida," Notice at 1 (emphasis added), raises the question of whether Jacksonville, FL is indeed Rodney Davis' "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick, 293 F.3d at 1257–58.

28 U.S.C. § 1441(b). As such, and irrespective of the citizenship of Deutsche Bank and Brenda Gail Wilson Davis, removal of this action would be inappropriate.

In light of the foregoing, the Court will give the Defendants an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before November 30, 2018.[3] Accordingly, it is

**ORDERED:**

Defendants Brenda G. Brantley Davis Wilson and Rodney Davis shall have up to and including **November 30, 2018**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of November, 2018.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties

---

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").