UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF VENDEE
MORTGAGE TRUST 2010-1,

    Plaintiff,

v.                                                  Case No. 3:18-cv-1315-J-34MCR

WILLIAM H. BRANTLEY, SR., SHIRLEY
BRANTLEY, WILLIAM H. BRANTLEY,
JR., BRENDA G. BRANTLEY DAVIS,
UNKNOWN SPOUSE OF WILLIAM
BRANTLEY, JR., UNKNOWN SPOUSE
OF BRENDA G. BRANTLEY DAVIS,
WHISPER CREEK OF CLAY COUNTY
HOMEOWNERS ASSOCIATION,
UNKNOWN TENANT 1, and UNKNOWN
TENANT 2,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court (Doc. 7, Motion) filed on December 6, 2018. Defendants initially removed this action to federal court on November 6, 2018 (Doc. 1, Removal Notice). Upon reviewing the Defendants' Removal Notice, the Court determined it lacked sufficient information to determine whether it had subject matter jurisdiction over the action. See Doc. 4 (Jurisdiction Order), filed November 15, 2018. Accordingly, it directed the Defendants to provide the Court, no later than November 30, 2018, with information to clarify the basis of the Court's jurisdiction over the matter. Jurisdiction Order at 5. The Defendants failed to respond to the Court's Jurisdictional Order.

The Plaintiffs subsequently filed their Motion on December 6, 2018, seeking to remand the action to state court. See Motion at 6. The Defendants have yet to respond to Plaintiff's Motion.[1] In the meantime, the Court issued an Order to Show Cause to Defendants as to why sanctions should not be imposed for Defendant's failure to comply with the Court's Jurisdiction Order of November 15, 2018. See Doc. 8 (Show Cause Order), filed December 19, 2018. In the Show Cause Order, the Court directed the Defendants to respond by January 7, 2019. See id. at 1. The Defendants have also failed to respond to the Court's Show Cause Order.

The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction"). Here, despite being given several opportunities to demonstrate to the Court that the Court has jurisdiction over this matter, the Defendants have not done so. Having failed to respond to the Court's Orders, as well as having failed to provide the Court with information establishing its subject matter jurisdiction over this action, the Court determines that this case is due to be remanded to state court.

In light of the foregoing, it is **ORDERED:**

---

[1] Plaintiff served the Motion on December 6, 2018. See Motion at 6. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, a response was required to be served and filed on or before December 20, 2019. As of the date of this Order, a response has not been filed.

The Clerk of the Court is directed to remand this case to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of January, 2019.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties
Fourth Judicial Circuit, Clay County, Florida